## CLARK v MASTERS

Ohio Appeals, 1st Dist, Hamilton Co

No. 4197.  Decided April 10, 1933

·H. ·P. Karch, Cincinnati, for plaintiff in error.

Yeatman, Leis & Hunsicker, Cincinnati, and Oris E. Hamilton, Cincinnati, for defendant in error.

MAUCK and MIDDLETON, JJ, (4th Dist), and KLINGER, J, (3rd Dist), sitting.

**OPINION**

By KLINGER, J.

We will consider these errors in the order assigned.

As to the first proposition, that the judgment and decree are contrary to law. The contention is made, first, that the contract sued upon was not the contract of the defendant, and that the evidence was not so clear and convincing as to justify the conclusion that she authorized the contract.

Second, that the contract was not enforceable by reason of uncertainty in the provisions.

Third, that the contract contained false statements as to the mortgage incumbrance and could not be enforced as written.

Fourth, there was a lack of definiteness in the language and terms as to the leasing of a portion of the premises.

Fifth, that the time had expired within which the contract was to have been performed, and that the agent had no authority to extend the same.

All the issues raised by these objections are issues of fact, and the trial court heard and saw the witnesses as they testified concerning these facts and concluded that the testimony as a whole justified, under the law of Ohio, the conclusions of the court that the contract was enforceable, that the proof offered was clear and convincing, that there was no lack of definiteness, and that there was no false statement that would invalidate the contract as to incumbrances. In other words, the trial court found that the plaintiff did prove the contract sued upon by the degree of proof required, and upon a careful reading of the bill of exceptions and an examination of the exhibits we as a reviewing court do not feel justified in finding that the trial court was in error. We believe there is ample evidence supporting every essential fact pleaded by the plaintiff in her petition.

The same reasoning and conclusions are applicable to the second ground of error, and we believe that the trial court was justified, from the evidence offered at the trial, to find that the husband was the agent and that the minds of the parties had met. And this is especially true in face of the fact that the defendant did not testify herself at the trial, or even appear, and no reason given for her nonappearance.

As to the third ground of error, namely, that the court erred in the exclusion and admission of evidence. We find, upon a careful reading of the record, that while there are possibly some instances where this court would have ruled adversely, we are of the opinion that no material evidence was excluded and no prejudicial evidence was admitted.

In cases of this kind great latitude is allowed, and the granting or withholding of a decree of specific performance is within the sound discretion of the court to be exercised as equity and justice seem to demand.

This contract was entered into by competent parties, and it was not objectionable in its nature.

Upon the whole record we find no prejudicial error and therefore affirm the judgment and finding of the Court of Common Pleas.

Judgment affirmed.

MAUCK and MIDDLETON, JJ, concur.